P. A. RIGGINS, Appellant, *v.* THE STATE OF KANSAS, Appellee.

*Criminal Appeal from Miami County.*

The securities of the United States are not included within the provisions of §§ 111, 112, 113, of chapter on crimes, relating to counterfeiting, but *held* that they are included within the provisions of § 119 of that chapter, which prohibits the counterfeiting of " any instrument of writing, purporting to be the act of another, by which any pecuniary obligation shall be created."

Section 124 of that chapter [Comp. L., pp. 309–10], denounces its penalties against those who, with intent to defraud, offer or attempt to pass any forged or counterfeited instrument or writing, knowing the same to be forged or counterfeited, the forging or counterfeiting of which is in the previous sections declared to be an offense.

*Held,* that the fraudulent attempt to pass a counterfeit treasury note is an offense within the meaning of §§ 119, 124, although these instruments had no existence at the time of the passage of the act of the legislature.

The facts of the case are sufficiently stated in the opinion, for prosecuting the points decided.

*Shannon & Wagstaff*, for appellant.

*Attorney General, Hoyt*, for the State.

*Shannon & Wagstaff*, submitted:

The chapter of Kansas statutes on crimes and punishments (*Comp. L., ch.* 33), was approved Feb. 3d, 1859. The only forgery and uttering of counterfeit moneys provided against in that act, are: 1st. "Any promissory note, bill of exchange, draft, check, certificate of deposit, or other evidence of debt, being or purporting to be made or issued by any bank, incorporated under the laws of the United States, or this territory, or any other territory, state, government or country." 2. "Any order, check, being or purporting to be drawn on any such incorporated bank, or any cashier thereof, by any other person, company or corporation." § 111, *Comp. L., p.* 307.

The forged instrument described in the indictment, is not included in either of these classes. Section 113 (*Comp. L., p.* 308) merely makes it a crime to attempt to commit the offense pointed out in § 111.

The authority to issue United States treasury notes is found in an act of congress, approved June 30th, 1864. Sections 10 and 13 (*Acts of Cong.*, '64, *pp.* 221, 222), define the crime, and prescribe the punishment for the offense charged in this indictment. The federal courts only, have jurisdiction to try it.

When congress authorized the issuance of treasury notes, there was no law of this state making it a crim-

inal offense to pass, or attempt to pass, counterfeited or forged treasury notes. No part of the criminal jurisdiction of the United States can, consistently with the constitution, be delegated to the state tribunals. Congress has not, nor has the state attempted so to do. 1 *U. S. Stat.*, 78, § 11; *U. S.* v. *Lathrop*, 17 *Johns.*, *R.*, 4, 8, 9, 10.

*By the Court*, KINGMAN, C. J.

The appellant in this case was tried and convicted in Miami county, on a charge of attempting to pass a certain forged and counterfeited United States compound interest treasury note, of the denomination of fifty dollars.

No objection is made to the indictment for any want of form therein, but it is claimed that the paper described in the indictment as forged and counterfeited, does not come within the range of any of the class of cases designated in the laws of the state, and consequently, that the indictment is insufficient.

The appellant claims that the indictment was intended to charge the offense as a violation of sections 111, 112 and 113 of the act regulating crimes and punishments, and contends that the paper described in the indictment does not come within the range of any of the class of cases designated in those sections. In this, the counsel for the appellant are undoubtedly correct. A careful examination of those sections will clearly show that by no construction can they be made to include the securities of the United States.

But section 119 of the act above referred to, is broad enough in its terms to comprehend the instrument set out in the indictment. Among other provisions, this

section declares that any person who shall, with intent to injure or defraud, forge or counterfeit any instrument of writing, purporting to be the act of another, by which any pecuniary obligation shall be created, shall be adjudged guilty of forgery in the third degree. This is so much of the section as applies to this case, and we think there can be no doubt but what it includes the paper set out in the indictment. That is a paper which creates a pecuniary obligation on the part of others than the person forging or counterfeiting it, and the making of it cannot be for any other purpose than to injure and defraud. It bears this purpose on the face of the transaction. It is true that this section only denounces its penalties against those who make, alter, forge or counterfeit; not those who pass or attempt to pass such counterfeit paper upon others. Section 124, however, provides that whoever shall, with intent to defraud, offer or attempt to pass any forged or counterfeited instruments or writing, knowing the same to be forged or counterfeited, and the forging or counterfeiting of which is in the previous sections of the act declared to be an offense, shall be deemed guilty of forgery in the same degree as that prescribed for the forging or counterfeiting of the instrument; and this section, when taken in connection with 119, seems to us to clearly cover the offense with which the appellant was charged.

At the time our criminal laws were enacted, no such paper as that described in the indictment had an existence, but the legislature evidently intended to include all cases of forgery or counterfeiting, and so protect the interests of society. To do so, they used broad and comprehensive terms, that should meet every exi-

gency, and in the case before us, we have no doubt that they accomplished the purpose.

Judgment affirmed.

All the justices concurring.